**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LODSYS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:11-cv-283 |
| | § | |
| ADIDAS AMERICA INC.; | § | |
| BBY SOLUTIONS, INC.; | § | **JURY TRIAL DEMANDED** |
| BEST WESTERN INTERNATIONAL, INC.; | § | |
| CVS CARMARK CORPORATION; | § | |
| SAM'S WEST, INC.; | § | |
| STANLEY, BLACK & DECKER, INC.; | § | |
| THE CONTAINER STORE, INC.; | § | |
| THE TEACHING COMPANY, LLC; | § | |
| VEGAS.COM, LLC; | § | |
| VITAMIN SHOPPE, INC., | § | |
| | § | |
| Defendants. | § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Lodsys, LLC ("Lodsys"), for its complaint against the above-named Defendants, alleges as follows:

**THE PARTIES**

1.      Lodsys is a Texas limited liability company with its principal place of business in Marshall, Texas.

2.      Defendant adidas America Inc. ("adidas") is a Delaware corporation with its principal place of business in Portland, Oregon.

3.      Defendant BBY Solutions, Inc. ("Best Buy") is a Minnesota corporation with its principal place of business in Richfield, Minnesota.

4.      Defendant Best Western International, Inc. ("Best Western") is a Arizona corporation with its principal place of business in Phoenix, Arizona.

5.      Defendant CVS Caremark Corporation ("CVS") is a Delaware corporation with its principal place of business in Woonsocket, Rhode Island.

6.      Defendant Sam's West, Inc. ("Sam's Club") is an Arkansas corporation with its principal place of business in Bentonville, Arkansas.

7.      Defendant Stanley, Black & Decker, Inc. ("Black & Decker") is a Connecticut corporation with its principal place of business in New Britain, Connecticut.

8.      Defendant The Container Store, Inc. ("Container Store") is a Texas corporation with its principal place of business in Coppell, Texas.

9.      Defendant The Teaching Company, LLC ("Teaching Company") is a Delaware limited liability company with its principal place of business in Chantilly, Virginia.

10.     Defendant Vegas.com, LLC ("Vegas.com") is a Nevada limited liability company with its principal place of business in Henderson, Nevada.

11.     Defendant Vitamin Shoppe, Inc. ("Vitamin Shoppe") is a Delaware corporation with its principal place of business in North Bergen, New Jersey.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*   Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) in that defendants reside in this district, a substantial part of the events giving rise to the claims occurred in this district, and/or the defendants have a regular and established practice of business in this district and have committed acts of infringement in this district.

13.     This Court has general and specific personal jurisdiction over defendants, because each defendant has substantial contacts with the forum as a result of conducting substantial business in the State of Texas and within this district.   Upon information and belief, each defendant regularly solicits business in the State of Texas and this district; derives revenue from products and/or services provided to individuals residing the State of Texas and this district; conducts business utilizing the claimed systems and methods with and for customers residing in the State of Texas and this district; and provides and/or markets products and services directly to consumers in the State of Texas and this district.

2

## INFRINGEMENT OF U.S. PATENT NO. 7,222,078 B2

14.     On May 22, 2007, U.S. Patent No. 7,222,078 (the "'078 patent") was duly and legally issued for "Methods and Systems for Gathering Information from Units of a Commodity Across a Network."  A true and correct copy of the '078 patent is attached hereto as Exhibit A. Lodsys is the owner by assignment of all rights, title, and interest in and to the '078 patent.

15.     Defendant Sam's Club has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent.   Sam's Club makes, sells, offers to sell, and/or uses infringing feedback soliciting FAQs, including but not limited to feedback soliciting FAQs on www.samsclub.com, which infringes at least claim 1 of the '078 patent under 35 U.S.C. § 271.

16.     Defendant Black & Decker has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent.   Black & Decker makes, sells, offers to sell, and/or uses infringing feedback soliciting FAQs, including but not limited to feedback soliciting FAQs on www.blackanddecker.com, which infringes at least claim 1 of the '078 patent under 35 U.S.C. § 271.

17.     Defendant Vitamin Shoppe has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent.   Vitamin Shoppe makes, sells, offers to sell, and/or uses infringing live interactive chat, including but not limited to live interactive chat on www.vitaminshoppe.com, which infringes at least claim 1 of the '078 patent under 35 U.S.C. § 271.

18.     Defendants Sam's Club, Black & Decker, and Vitamin Shoppe's acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as a result of defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of Lodsys' exclusive rights under the '078 patent will

3

continue to damage Lodsys, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.  Defendants' infringement is willful and deliberate, including because defendants became aware of the infringing nature of their respective products and services at the latest when they received a notice letter from Lodsys and/or the filing of Lodsys' complaint, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### INFRINGEMENT OF U.S. PATENT NO. 5,999,908

19.     On   December 7, 1999, U.S. Patent No. 5,999,908 (the "'908 patent") was duly and legally issued for a "Customer-Based Product Design Module."  A true and correct copy of the '908 patent is attached hereto as Exhibit B.  Lodsys is the owner by assignment of all rights, title, and interest in and to the '908 patent.

20.     Defendant adidas has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '908 patent.  adidas makes, sells, offers to sell, and/or uses infringing website surveys, including but not limited to surveys on www.shopadidas.com, which infringes at least claim 37 of the '908 patent under 35 U.S.C. § 271.

21.     Defendant Best Buy has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '908 patent.  Best Buy makes, sells, offers to sell, and/or uses infringing website surveys, including but not limited to surveys on www.bestbuy.com, which infringes at least claim 37 of the '908 patent under 35 U.S.C. § 271.

22.     Defendant Best Western has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '908 patent.  Best Western makes, sells, offers to sell, and/or uses infringing website surveys, including but not limited to surveys on www.bestwestern.com, which infringes at least claim 37 of the '908 patent under 35 U.S.C. § 271.

23.     Defendant CVS has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '908 patent.  CVS makes, sells, offers to sell, and/or uses infringing website surveys, including but not limited to surveys on www.cvs.com, which infringes at least claim 37 of the '908 patent under 35 U.S.C. § 271.

24.     Defendant Sam's Club has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '908 patent.  Sam's Club makes, sells, offers to sell, and/or uses infringing website surveys, including but not limited to surveys on www.samsclub.com, which infringes at least claim 37 of the '908 patent under 35 U.S.C. § 271.

25.     Defendant Black & Decker has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '908 patent.  Black & Decker makes, sells, offers to sell, and/or uses infringing website surveys, including but not limited to surveys on www.blackanddecker.com, which infringes at least claim 37 of the '908 patent under 35 U.S.C. § 271.

26.     Defendant Container Store has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '908 patent.  Container Store makes, sells, offers to sell, and/or uses infringing website surveys, including but not limited to surveys on www.containerstore.com, which infringes at least claim 37 of the '908 patent under 35 U.S.C. § 271.

27.     Defendant Teaching Company has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '908 patent.  Teaching Company makes, sells, offers to sell, and/or uses infringing website surveys, including but not limited to surveys

on www.thegreatcourses.com, which infringes at least claim 37 of the '908 patent under 35 U.S.C. § 271.

28.     Defendant Vegas.com has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '908 patent.  Vegas.com makes, sells, offers to sell, and/or uses infringing website surveys, including but not limited to surveys on www.vegas.com, which infringes at least claim 37 of the '908 patent under 35 U.S.C. § 271.

29.     Defendant Vitamin Shoppe has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '908 patent.  Vitamin Shoppe makes, sells, offers to sell, and/or uses infringing website surveys, including but not limited to surveys on www.vitamenshoppe.com, which infringes at least claim 37 of the '908 patent under 35 U.S.C. § 271.

30.     Defendants adidas, Best Buy, Best Western, CVS, Sam's Club, Black & Decker, Container Store, Teaching Company, Vegas.com, and Vitamin Shoppe's acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as a result of defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of Lodsys' exclusive rights under the '908 patent will continue to damage Lodsys, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.  Defendants' infringement is willful and deliberate, including because defendants became aware of the infringing nature of their respective products and services at the latest when they received a notice letter from Lodsys and/or the filing of Lodsys' complaint, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Lodsys respectfully requests a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lodsys, LLC, respectfully requests entry of judgment in its favor and against defendants as follows:

(a)     Declaration that (1) Defendants Sam's Club, Black & Decker, and Vitamin Shoppe have infringed U.S. Patent No. 7,222,078; and (2) Defendants adidas, Best Buy, Best Western, CVS, Sam's Club, Black & Decker, Container Store, Teaching Company, Vegas.com, and Vitamin Shoppe have infringed U.S. Patent No. 5,999,908;

(b)     Awarding the damages arising out of (1) Defendants Sam's Club, Black & Decker, and Vitamin Shoppe's infringement of U.S. Patent No. 7,222,078; and (2) Defendants adidas, Best Buy, Best Western, CVS, Sam's Club, Black & Decker, Container Store, Teaching Company, Vegas.com, and Vitamin Shoppe's infringement of U.S. Patent No. 5,999,908;

(c)     Finding defendants' infringement to be willful from the time that defendants became aware of the infringing nature of their respective products and services, which is the time of receiving a notice letter from Lodsys or the filing of Lodsys' complaint at the latest, and awarding treble damages to Lodsys for the period of such willful infringement pursuant to 35 U.S.C. § 284;

(d)     Permanently enjoining defendants and their respective officers, agents, employees, and those acting in privity with them, from further infringement, including contributory infringement and/or inducing infringement, of U.S. Patent No. 7,222,078 and U.S. Patent No. 5,999,908, or in the alternative, awarding a royalty for post-judgment infringement;

(e)     Awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

(f)     Awarding such other costs and further relief as the Court may deem just and proper.

Dated:  June 10, 2011                    Respectfully Submitted,

                                         By:  /s/ William E. Davis, III
                                         William E. Davis, III
                                         Texas State Bar No. 24047416
                                         **The Davis Firm, PC**
                                         111 West Tyler Street
                                         Longview, Texas 75601
                                         Telephone:  (903) 230-9090
                                         Facsimile:  (903) 230-9090
                                         Email:  bdavis@bdavisfirm.com

                                         Michael A. Goldfarb
                                         Christopher M. Huck
                                         **Kelley, Donion, Gill, Huck & Goldfarb, PLLC**
                                         701 Fifth Avenue, Suite 6800
                                         Seattle, Washington 98104
                                         Telephone:  (206) 452-0260
                                         Facsimile:  (206) 397-3062
                                         Email: goldfarb@kdg-law.com
                                         Email: huck@kdg-law.com

                                         **ATTORNEYS FOR PLAINTIFF
                                         LODSYS, LLC**