**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LODSYS, LCC,<br><br>      Plaintiff,<br><br>      v.<br><br>ADIDAS AMERICA, INC., *et al*.<br><br>      Defendants. | CIVIL ACTION NO. 2:11-cv-283<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT ADIDAS AMERICA, INC.'S ANSWER, AFFIRMATIVE
DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant, adidas America, Inc. ("adidas"), answers the Complaint of Lodsys, LLC ("Lodsys" or "Plaintiff") as follows:

**THE PARTIES**

1. adidas is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies them.

2. adidas admits that it is a Delaware corporation having a principal place of business in Portland, Oregon.

3. The allegations of paragraph 3 are not directed to adidas, and therefore no answer is required. adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

4. The allegations of paragraph 4 are not directed to adidas, and therefore no answer is required. adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

5. The allegations of paragraph 5 are not directed to adidas, and therefore no answer is required. adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

6. The allegations of paragraph 6 are not directed to adidas, and therefore no answer is required. adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

7. The allegations of paragraph 7 are not directed to adidas, and therefore no answer is required. adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

8. The allegations of paragraph 8 are not directed to adidas, and therefore no answer is required. adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

9. The allegations of paragraph 9 are not directed to adidas, and therefore no answer is required. adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

10. The allegations of paragraph 10 are not directed to adidas, and therefore no answer is required. adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

11. The allegations of paragraph 11 are not directed to adidas, and therefore no answer is required. adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

## JURISDICTION AND VENUE

12. adidas admits that this action purports to bring an action arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* adidas also admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). adidas denies the remaining allegations of this paragraph as they relate to adidas. As to the other defendants, adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

13. adidas admits that it is subject to this Court's general and specific jurisdiction. adidas denies the remaining allegations of this paragraph as they relate to adidas. As to the other defendants, adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

## INFRINGEMENT OF U.S. PATENT NO. 7,222,078 B2

14. adidas admits that the face of U.S. Patent No. 7,222,078 (the "'078 patent") indicates that it is entitled "Methods and Systems for Gathering Information from Units of a Commodity Across a Network" and that it issued on May 22, 2007. adidas denies that the '078 patent was duly and legally issued. adidas is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

15. The allegations of paragraph 15 are not directed to adidas, and therefore no answer is required. adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

16. The allegations of paragraph 16 are not directed to adidas, and therefore no answer is required. adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

17. The allegations of paragraph 17 are not directed to adidas, and therefore no answer is required. adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

18. The allegations of paragraph 18 are not directed to adidas, and therefore no answer is required. adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

## INFRINGEMENT OF U.S. PATENT NO. 5,999,908

19. adidas admits that the face of U.S. Patent No. 5,999,908 (the "'908 patent") indicates that it is entitled "Customer-Based Product Design Module" and that it issued on December 7, 1999. adidas denies that the '908 patent was duly and legally issued. adidas is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

20. adidas denies the allegations of paragraph 20.

21. The allegations of paragraph 21 are not directed to adidas, and therefore no answer is required. adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

22. The allegations of paragraph 22 are not directed to adidas, and therefore no answer is required. adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

23. The allegations of paragraph 23 are not directed to adidas, and therefore no answer is required. adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

24. The allegations of paragraph 24 are not directed to adidas, and therefore no answer is required. adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

25. The allegations of paragraph 25 are not directed to adidas, and therefore no answer is required. adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

26. The allegations of paragraph 26 are not directed to adidas, and therefore no answer is required. adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

27. The allegations of paragraph 27 are not directed to adidas, and therefore no answer is required. adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

28. The allegations of paragraph 28 are not directed to adidas, and therefore no answer is required. adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

29. The allegations of paragraph 29 are not directed to adidas, and therefore no answer is required. adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

30. adidas denies the allegations of paragraph 30, as they relate to adidas. As to the other defendants, adidas is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

## JURY DEMAND

This paragraph sets forth Plaintiff's request for a jury trial to which no response is required. adidas also requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Plaintiff to which no response is required. To the extent an answer is required, adidas denies that Plaintiff is entitled to any of the requested relief and denies any such allegations.

## AFFIRMATIVE DEFENSES

adidas' Affirmative Defenses are below. adidas reserves the right to amend its Answer to add additional Affirmative Defenses, including instances of inequitable conduct, consistent with the facts discovered in this case.

## FIRST DEFENSE
### (No Infringement)

adidas has not and does not infringe, directly, indirectly, literally, under the doctrine of equivalents, contributory, by inducement, or otherwise, any valid and enforceable claim of the '908 patent and is not liable for any acts of infringement of any such claim of the '908 patent.

## SECOND DEFENSE
### (Patent Invalidity)

The claims of the '908 patent are invalid under one or more sections of Title 35 of the U.S. Code, including, without limitation, one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112.

### THIRD DEFENSE
**(Failure to State a Claim)**

Upon information and belief, the Complaint, and each purported claim alleged therein, fails to state facts upon which relief can be granted against adidas.

### FOURTH DEFENSE
**(No Willful Infringement)**

Should adidas be found to infringe the '908 patent, such infringement was not willful.

### FIFTH DEFENSE
**(Estoppel)**

Upon information and belief, by reason of proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications that resulted in the '908 patent, as shown by the file histories, and by reason of the amendment, cancellation or abandonment of claims, and the admissions and other statements made therein by or on behalf of the patentee(s), Plaintiff is estopped from claiming a construction of the '908 patent that would cause any valid, enforceable claim thereof to cover or include any method or product manufactured, used, sold, or offered for sale by adidas.

### SIXTH DEFENSE
**(Waiver, Laches and Estoppel)**

Plaintiff's alleged claims regarding the '908 patent are barred by the doctrines of waiver, laches and/or estoppel.

### COUNTERCLAIMS

Counterclaim-Plaintiff adidas America, Inc. ("adidas"), for its Counterclaims against Counterclaim-Defendant Lodsys, LLC ("Lodsys") and upon information and belief, states as follows:

## THE PARTIES

31.     adidas America, Inc. is a corporation with a place of business at 5055 N. Greeley Ave, Portland, Oregon.

32.     According to paragraph 1 of its Complaint, "Lodsys is a Texas limited liability company with its principal place of business in Marshall, Texas."

## JURISDICTION AND VENUE

33.     This Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and venue for these Counterclaims is proper in this district under at least 28 U.S.C. § 1391.

34.     This Court has personal jurisdiction over Lodsys because Lodsys has submitted itself to the personal jurisdiction of this Court by commencing this action.

## COUNT ONE
### (Declaratory Judgment of Non-Infringement of the '908 Patent)

35.     An actual case or controversy exists between adidas and Lodsys as to whether United States Patent No. 5,999,908 ("the '908 patent") is not infringed by adidas.

36.     A judicial declaration is necessary and appropriate so that adidas may ascertain its rights regarding the '908 patent.

37.     adidas has not and does not infringe, directly, indirectly, literally, under the doctrine of equivalents, contributory, by inducement, or otherwise, any valid and enforceable claim of the '908 patent and is not liable for any acts of infringement of any such claim of the '908 patent.

## COUNT TWO
### (Declaratory Judgment of Invalidity of the '908 Patent)

38.     adidas restates and incorporates by reference its allegations in the previous paragraphs in these Counterclaims.

39. An actual case or controversy exists between adidas and Lodsys as to whether the claims of the '908 patent are invalid.

40. A judicial declaration is necessary and appropriate so that adidas may ascertain its rights as to whether the claims of the '908 patent are invalid.

41. The claims of the '908 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## **PRAYER FOR RELIEF**

WHEREFORE, adidas America, Inc. prays for judgment as follows:

a. A judgment dismissing with prejudice Lodsys' Complaint against adidas America, Inc. and ordering that Lodsys take nothing by its Complaint;

b. A judgment in favor of adidas America, Inc. on all of its Counterclaims;

c. A declaration that adidas America, Inc. has not and does not infringe, directly, indirectly, literally, under the doctrine of equivalents, contributory, by inducement, or otherwise, any valid and enforceable claim of the '908 patent and is not liable for any acts of infringement of any such claim of the '908 patent;

d. A declaration that the claims of the '908 patent are invalid;

e. An award of costs to adidas America, Inc. pursuant to 35 U.S.C. § 284;

f. A finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and an award to adidas America, Inc. of its reasonable attorney fees; and

g. Such other and further relief as this Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: September 6, 2011 | */s/ Michael E. Shanahan* |

MCDERMOTT WILL & EMERY LLP
Michael E. Shanahan, Lead Attorney
340 Madison Avenue
New York, NY 10173-1922
Tel: 212.547.5785
Fax: 212.547.5444
mshanahan@mwe.com

MCDERMOTT WILL & EMERY LLP
John C. Low (Texas Bar No. 24050960)
1000 Louisiana, Suite 3900
Houston, TX 77002-5005
Tel: 713.653.1700
Fax: 713.739.1781
jlow@mwe.com

**ATTORNEYS FOR DEFENDANT,
ADIDAS AMERICA, INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 6, 2011. Any other counsel of records will be served by U.S. mail on the same date.

*/s/ Michael E. Shanahan*
Michael E. Shanahan

DM_US 29643148-1.084203.0033